## HAISLIP v. UNITED STATES.
### No. 8049.

United States Court of Appeals for the District of Columbia.

Argued June 1, 1942.

Decided June 22, 1942.

Mr. William A. Gallagher, of Washington, D. C., for appellant.

Mr. Allen J. Krouse, Assistant U. S. Attorney, with whom Mr. Edward M. Curran, U. S. Attorney, both of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Appellant was indicted on two counts for having incestuous relations with his daughter. The first offense is charged to have occurred September 24, 1937, the second February 27, 1939. In each instance, as a result, a child was born. The indictment was returned on July 1, 1939, and on July 5 appellant was arraigned and pleaded not guilty. In the latter part of the same month there was an inquiry into his sanity, he was found by a jury to be of unsound mind, and was committed to St. Elizabeths Hospital on the order of the Secretary of the Interior. In August, 1940, appellant was found by the superintendent of the hospital to be sane, and was thereupon delivered into the custody of the United States Marshal, and committed to the District Jail. Thereafter, on September 15, 1941, the superintendent having certified as to his sanity,[1] ap-

---

[1] "I, Winfred Overholser, M. D., Superintendent of St. Elizabeths Hospital, Washington, D. C., hereby certify that William D. Haislip (Criminal No. 64193), of Washington, D. C., was found by a jury impaneled according to law to be of unsound mind, and adjudged by the court to be of unsound mind, and thereafter was admitted to St. Elizabeths Hospital, August 3, 1939, upon the authorization of the Secretary of the Interior under the provisions of Sections 927 and 928 of the Code of Laws of the District of Columbia.

"I further certify that the said William D. Haislip was found to be not insane, and was therefore discharged from care and treatment in St. Elizabeths Hospital on August 9, 1940, into the custody of the United States Deputy Marshal for transfer to the District of Columbia Jail. William D. Haislip was not insane as of August 9, 1940, the date of his discharge and transfer to the District Jail."

pellant was tried on the indictment, found guilty, and sentenced to imprisonment for a period of 4 to 12 years.

An inspection of the record shows beyond any doubt that appellant was guilty of the offenses for which he was tried, and on this appeal the only contention is that, in view of his previous commitment as an insane person, it was necessary formally to adjudicate him sane before he was put on trial. The basis of the contention is Title 16, Sec. 20, D.C. Code 1929, as follows:

"In case any person adjudged to be of unsound mind * * * who is committed to St. Elizabeths Hospital * * * recovers his or her reason, and who is discharged * * * as cured, the superintendent * * * shall immediately thereafter file with the clerk of the supreme court of the District of Columbia his sworn statement that such person, in his opinion, was at the time of his discharge of sound mind, and such statement shall be sufficient to authorize the court to pass an order declaring such person to be restored to his or her former legal status as a person of sound mind."

Appellant insists that this statute imposed on the court a duty to determine judicially whether or not the certificate of the superintendent of the hospital correctly ascertained and fixed appellant's mental condition.

But we think the quoted section does not apply here. It is part of a general statute relating to the method of inquisition in the case of persons believed to be of unsound mind, the appointment of committees or trustees for their estates, and the payment for their hospitalization. This section provides a necessary method whereby any person discharged from a hospital for the insane as cured may re-establish his legal status and recover his property or estate.

The procedure which governs in the case of a person charged with a criminal offense, as was appellant in the instant case, is contained in another and different statute. D. C. Code 1929, Title 6, "Crimes and Criminal Procedure", §§ 374, 376, D.C. Code 1940, Title 24. "Insane Criminals", §§ 301, 303. Section 301 provides: "When any person * * * is indicted * * * and before trial * * prima facie evidence is submitted to the court that the accused is then insane", the court may impanel a jury to inquire into his sanity. If the jury finds the accused then insane, the fact shall be certified to the Secretary of the Interior, who shall order such person to be confined in St. Elizabeths Hospital. Section 303 provides:

"When any person confined in the hospital for the insane, charged with crime and subject to be tried therefor or undergoing sentence therefor, shall be restored to sanity the superintendent of the hospital shall give notice thereof to the justice holding the criminal court and deliver him to the court according to its proper precept."

The lunacy inquiry of July 26, 1939, was for the purpose of determining whether the defendant was then capable of understanding the nature and objects of the proceedings so as properly to conduct his defense. The verdict of insanity spoke as of that date and was a legal determination that appellant was not then mentally qualified to stand trial. When, thereafter, he was restored to sanity, the certificate of the superintendent to that effect removed the previous bar. The sole effect of these sections is, in a proper case, to suspend the criminal proceedings during the period of insanity. The jurisdiction of the court continues, and when sanity is restored the case may proceed as if the interregnum had not occurred. Wagner v. White, 38 App.D.C. 554, 558.

In the Wagner case the constitutionality of Section 303 was assailed on the ground that the determination of restoration to sanity was left to the discretion of the superintendent. In holding the section valid, we said that the provision authorizing the superintendent to certify to the restoration of sanity is founded on the presumption that he will perform that duty honestly and faithfully, but that if he failed to do so, the court, upon motion of the accused or upon its own motion, might properly order an inquiry. In the present case at no place in the proceedings was there a motion for an inquiry into sanity, a request for a formal adjudication of sanity, or an objection to trial. And there is nothing in the record or in the argument in this court to suggest that appellant was not, at the time of trial, fully restored and legally sane.

Without more, therefore, we are of opinion that, upon the discharge of an accused from the hospital as cured and in the absence of anything showing the invalidity of the certificate of the superintendent, the court is required to proceed with the trial on the suspended criminal indictment, and no further proceedings on the question of

sanity are necessary. We are of opinion that appellant has had a fair trial, that his conviction was fully justified by the evidence, and that the judgment of the trial court was correct. It should be, and is, affirmed.

Affirmed.