Joseph W. HUNTER, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17780, 17781.

United States Court of Appeals District of Columbia Circuit.

Oct. 15, 1964.

For former opinion see 116 U.S.App. D.C. 323, 323 F.2d 625.

Miss Mabel D. Haden, Washington, D. C. (appointed by the court), for appellant.

Mr. Gerald A. Messerman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER, WRIGHT, and McGOWAN, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing en banc, it is

ORDERED by the court en banc that appellant's aforesaid petition is denied.

---

Circuit Judges FAHY and WASHINGTON did not participate in the foregoing order.

BAZELON, Chief Judge (dissenting):

The court's opinion treats this case as if it presented only a problem of construing a provision of the District of Columbia Code which has since been both thoroughly revised (1955), and supplemented (by the enactment of 18 U.S.C. § 4244 in 1949). Although I disagree with the court's construction, I do not think this alone would warrant a rehearing *en banc*. However, after petitioner was discharged in 1952 from his confinement under the adjudication of insanity, a District Court judge ordered him examined under 18 U.S.C. § 4244. One of the examination reports, although stating that petitioner was then of sound mind, included this significant passage:

> "There is no disturbance of memory for recent events, however, *there appears to be a long lapse of memory from about the middle of the year 1948* and continuing through the first year or two of his residence in St. Elizabeths Hospital." [Emphasis supplied.]

It is conceded that no judicial determination of competency was made after the § 4244 inquiry was begun or this report submitted.

In my view, § 4244 requires *judicial* determination[1] of competency in every case in which a motion for mental examination is granted.[2] It may be that failure to inquire into a report indicating no mental disorder would be harmless error, although I think otherwise. But the failure of the court to inquire into a report indicating the existence of amnesia is not harmless, particularly where, as here, the court proceeds to accept a guilty plea for an offense covered by the period of amnesia.[3]

This court's opinion assumes that a petitioner must establish actual incompetency at the time of conviction in order to obtain relief in post-conviction proceedings. At the hearing below, this was the standard applied.[4] But I think Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), means that the existence of substantial doubts of competency at the time of trial or plea, plus a failure adequately to determine competency at trial or plea, is sufficient. Although *Dusky* was a direct appeal, the Court's reason for ordering a new trial, rather than a now-for-then[5] inquiry into prior competency, is applicable here. This reason was the great difficulty of proving a mental state existing one year earlier, even on the fairly full psychiatric evidence disclosed by the record there.[6] This difficulty is much magnified here by the passage of eleven years and the absence of any such record. Doubts of prior competency may be so great that, even though *incompetency* cannot be established, "to deny * * *

1. Gunther v. United States, 94 U.S.App. D.C. 243, 245 n. 9, 215 F.2d 493, 496 n. 9 (1954).

2. *Cf.* Gunther v. United States, 94 U.S. App.D.C. 243, 215 F.2d 493 (1954); Contee v. United States, 94 U.S.App.D.C. 297, 215 F.2d 324 (1954). The dissent in *Contee*, it should be noted, also supports the conclusion that upon motion under § 4244, there must be a *judicial* determination of competency.

3. Since it interferes drastically with an accused's ability to assist in his defense, it can be argued that amnesia constitutes incompetency *per se*. While there are perhaps sound reasons to reject this argument where amnesia is predictably permanent, these reasons would not apply if the condition were thought temporary —and only a full inquiry could develop this fact. See Comment, *Amnesia, A Case Study in the Limits of Particular Justice*, 71 YALE L.J. 109 (1961).

4. Petitioner presented no evidence below, claiming he was entitled to relief as a matter of law.

5. Such an inquiry is frequently styled a *nunc pro tunc* inquiry. Some form of inquiry into past conditions is, of course, inevitable in the § 2255 context; the question for decision is what must be established in the § 2255 proceeding.

6. Dusky v. United States, 271 F.2d 385 (8th Cir. 1959), reversed, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

relief under section 2255 of Title 28 would be tantamount to a denial of due process." Sullivan v. United States, 205 F.Supp. 545, 553 (S.D.N.Y.1962) (Weinfeld, J.). This is such a case.[7]

The record here discloses another matter which may require relief without regard to the issue of prior competency. As already noted, there was evidence that petitioner had no independent memory of the alleged crimes when he pled guilty. The insanity defense available to petitioner was so strong that the prosecutor even urged it as a reason to accept the guilty plea: "the government feels that by no possible stretch of the imagination during the course of the trial that a jury would bring in a verdict of first degree murder." These circumstances might preclude a valid plea of guilty, even after a thorough inquiry.[8] But here there was no more than a superficial inquiry into the voluntariness of the plea.[9] Rule 11, FED.R.CRIM.P., requires

7. The record reveals the following: there was a lengthy period of confirmed mental disorder, first detected immediately upon apprehension of petitioner; eight months before the challenged plea, a fellow judge had found good cause, on his own motion, to submit petitioner for a mental examination under 18 U.S.C. § 4244; although the resultant psychiatric reports indicated a presently sound mind, they also suggested the presence of amnesia; these reports had never been judicially acted upon; at the proceedings in which plea was entered, petitioner's counsel (speaking to sentence, which was imposed without benefit of pre-sentence report) informed the court of petitioner's mental difficulties:
"* * * he exhibited those paranoid features in two different courts; before Judge Keech on the last occasion in which during one of his more or less lucid intervals he made gestures of violence both toward the court and to his counsel. At that time he was not only unable to confer with counsel, he did not recognize me and I went to see him some dozen times * * *."
The trial judge neither recognized that a question of competency was raised nor concluded the proceedings initiated eight months earlier under § 4244; a guilty plea was being entered, with its special call for judicial caution in proceeding to enter a judgment of conviction, yet no such caution appears.

8. Rule 11, FED.R.CRIM.P., states that a trial judge "may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." In a serious felony case such as this, where an available defense is strong and competency to plead highly dubious, I do not think we face the difficulties which troubled some in Overholser v. Lynch, 109 U.S.App.D.C. 404, 288 F.2d 388 (1961), reversed on other grounds, 369 U.S. 705, 82 S.Ct.

1063, 8 L.Ed. 211 (1962). It is significant in this regard that petitioner, by repeated motions, showed strong awareness of the insanity defense, and a desire to plead it.

9. The entire examination of petitioner and his counsel made by the trial judge is as follows:
THE COURT: * * * Mr. Johnson [defense counsel], have you apprised the defendant of his right?
MR. JOHNSON: Yes, sir.
THE COURT: He understands the consequence of his plea and the sentence that will be imposed upon him?
MR. JOHNSON: Yes.
THE COURT: And he desires to plead guilty?
MR. JOHNSON: Yes, sir.
THE COURT: The Court will accept the plea.
THE DEPUTY CLERK: Joseph W. Hunter, in Criminal cases 161–49 and 162–49, in each case in which you are charged with first degree murder, do you wish to withdraw your plea of not guilty heretofore entered and enter a plea of guilty to manslaughter in each of the cases?
THE DEFENDANT: Yes, sir.
At the § 2255 hearing, the trial judge sought to justify the plea proceedings by referring to a Virginia charge of homicide which was apparently outstanding against petitioner at that time. He asserted that the charge, and the dangers of presenting the insanity defense in Virginia, were the principal reasons for the guilty pleas. These comments are interesting for two reasons. First, they seem to reflect an awareness of the failure to inquire into the pleas when they were made. The suggested impetus to plead was not then discussed in any way. Second, the judge's comments reveal just how pervasive the failure properly to attend to petitioner's mental state was. The Virginia charge arose from a "confession" obtained from petitioner by the District

a thorough inquiry before acceptance of a plea of guilty. Failure to observe this requirement may be the subject of post-conviction relief.[10]

Although petitioner has not directly raised the issue here, I think there is sufficient doubt concerning the basis for his now eleven-year old detention to require us in the interests of justice to remand the cause forthwith for inquiry under Rule 11.

Miller, Circuit Judge, dissented.

police in 1949, less than a month before he was committed as "insane," and during a time when all observers of whom we have record agree that he was showing markedly deviant behavior. Its evidentiary value, under the circumstances, is virtually nil. Had there been any proper inquiry into the basis for petitioner's plea in 1952, it is hardly to be doubted that the compulsion of this "confession" would have been revealed and countered.

10. Coates v. United States, 106 U.S.App. D.C. 389, 273 F.2d 514 (1959); Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960); Domenica v. United States, 292 F.2d 483 (1st Cir. 1961); Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963).