433 P.2d 273

**STATE of Arizona, Appellee,**

v.

**Michael Eugene BRADLEY, a. k. a.
Jack Ricardo, Appellant.**

No. 1689.

Supreme Court of Arizona.

In Banc.

Nov. 9, 1967.

Darrell F. Smith, Atty. Gen., and Norman E. Green, County Atty., Pima County, for appellee State of Arizona.

Jack I. Podret and Manuel H. Garcia, Tucson, for appellant Bradley.

UDALL, Justice.

Defendant-appellant, Michael E. Bradley, was charged and found guilty by a jury for the crime of robbery. Judgment was entered and a prison term of not less than ten years nor more than fifteen years in the Arizona State Prison was imposed. From the conviction and sentence, he appeals.

Defendant was arrested and on February 11, 1964 brought before a magistrate on a charge of robbery. Without benefit of counsel, he waived his preliminary hearing and was held to answer to the Superior Court. Defendant was subsequently represented by appointed counsel until January 19, 1965, at which time defendant acquired different counsel. On September 14, 1965, the court below granted defendant's petition for a mental examination under Rule 250, Rules of Criminal Procedure, 17 A.R.S. A hearing was held on September 23, 1965, and upon a showing that defendant was unable to assist in his defense, he was ordered committed to the Arizona State Hospital. Dr. William F. Sheeley, Director of the Hospital, reported on October 20, 1965, that in his opinion defendant was presently able to understand the criminal proceedings against him and to assist in his defense. On October 26, 1965, the day set for trial, counsel for defendant moved for a second Rule 250 hearing. The trial judge's ruling on the motion, as it reads in the minute entry, was:

"Based on the report from the State Hospital, and based on the further fact

that the report is dated October 20, 1965, and date of trial is October 26, 1965, and it further appearing that nothing has occurred during this period which would indicate a reason for examination under Rule 250,

"IT IS ORDERED the Motion is denied."

Selection of a jury to try the case was completed, after which counsel for defendant requested the court to remand the matter to Justice Court because defendant did not have a preliminary hearing under the Statutes of the State of Arizona. The trial judge ruled:

"Show the Court construes the failure of the defense attorney to move that the matter be set for a preliminary hearing on the basis of incapacity of the defendant to waive, it is ordered that the motion is untimely made and that the failure to make it until this time amounts to a waiver by the defendant and his attorney of any right, if one existed, to have the matter set for a preliminary hearing."

Having so ruled, the judge proceeded to try the case. Upon conclusion of the evidence, the jury returned a verdict of guilty.

The primary error asserted in this appeal is the denial by the trial judge of defendant's request for a second Rule 250 examination. The state argues that the plain language of the rule obviates any necessity for such a second hearing.

Rule 250, Rules of Criminal Procedure, 17 A.R.S., as it now reads, provides in part:

"If it (the court) decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall have the defendant committed to the institution authorized to receive him, and the commitment of the defendant shall exonerate his bail. If thereafter the authorized officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist

in his defense, he shall report such fact to the court which conducted the hearing. *If the officer so reports, the court shall proceed with the trial,* and may again admit the defendant to bail, if he is bailable." (Emphasis added.)

Prior to the adoption of Rule 250, Rules of Criminal Procedure, section 44–1701 of the 1939 Code required a second judicial sanity hearing. It read in part:

"If, however, it (the court) decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense it shall take proper steps to have the defendant committed to the proper institution. If thereafter the proper officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist in his defense, he shall report this fact to the court which conducted the hearing. *If the officer so reports, the court shall fix a time for a hearing* to determine whether the defendant is able to understand the proceedings and to assist in his defense. This hearing shall be conducted in all respects like the original hearing to determine defendant's mental condition. If after this hearing the court decides that the defendant is able to understand the proceedings against him and to assist in his defense it shall proceed with the trial. If, however, it decides that the defendant is still not able to understand the proceedings against him or to assist in his defense it shall recommit him to the proper institution. [Rules of Cr.Proc. § 304]" (Emphasis added.)

In contrast to the old rule requiring a subsequent hearing, the rule as it now reads provides that the court shall proceed with trial. Invoking the customary rules of statutory construction, the position of the State would appear to be correct. Notwithstanding, the defendant argues that having been committed to the Arizona State Hospital by judicial procedure, he should not later be subjected to trial based

on the opinion of a nonjudicial administrative employee of the Hospital, and that it is a denial of his constitutional rights by not being able to test, by confrontation, the author of the document reporting his competency to stand trial.

■ It is a principle of long standing that an insane man may not be tried for a crime. Thomas v. Cunningham, 313 F.2d 934 (4 Cir. 1963). We said in State v. Stracuzzi, 79 Ariz. 314, 289 P.2d 187 (1955) that "(i)t is the policy of our law that a person can not be tried, convicted or punished for a public offense while he is insane." Though an accused is presumed to be sane at trial, procedural due process requires that a state shall afford him adequate opportunity to raise the issue. United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953). The procedure authorized by Rule 250 is a recognition of this constitutional obligation.

■ In determining whether there exists reasonable ground to order a hearing, the trial judge is given broad discretion. State v. Buchanan, 94 Ariz. 100, 381 P.2d 954 (1963); State v. Reid, 87 Ariz. 123, 348 P.2d 731 (1960). If the evidence adduced in support of a motion under Rule 250 is sufficient to give rise to a doubt in the mind of the court as to whether defendant is sane, it is the mandatory duty of the court to hold a hearing. See Fralick v. State, 25 Ariz. 4, 212 P. 377 (1923) and State v. Thomas, 78 Ariz. 52, 275 P.2d 408 (1954) wherein a statement by defendant's counsel that defendant within the past 48 hours had informed him that he was unable to remember any of the events leading up to or concerning the commission of the offense charged, and this caused counsel to have serious doubts as to his client's sanity, was held not such reasonable grounds as to require the court to believe the defendant insane. The competency of defendant at the time of trial to understand the charges against him and to assist in his defense is a legal question to be resolved by the court. His decision will be upheld unless there has been a manifest abuse of discretion. State v. Silvas, 91 Ariz. 386, 372 P.2d 718 (1962), cert. denied 371 U.S. 970, 83 S.Ct. 552, 9 L.Ed.2d 539.

Since the adoption of Rule 250, this Court has not directly answered the question of whether it is necessary to formally adjudicate a defendant sane before he is put on trial when he has been previously committed as an insane person pursuant to the provisions of the rule. In State v. Stracuzzi, supra, decided under the old rule, we held that the trial court was without the authority to put the defendant to trial absent a judgment removing the disability theretofore made that he was insane or mentally deficient to the extent that he was not able to understand the proceedings or assist in his defense. We said:

"We hold that in view of the fact that defendant had been adjudged insane he could not be tried and convicted until this disability had been removed by a judgment establishing sanity following the procedure explicitly set forth in the rule, Section 44–1701, supra, and that the court was without authority to put him to trial." 79 Ariz. at 317, 289 P.2d at 189.

We rejected as not tenable the argument that the defendant waived his right to such a determination because he did not demand it.

In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the issue before the United States Supreme Court was whether in view of the evidence before the state trial court as to defendant's competency to stand trial, due process required the court to conduct a hearing on the matter on its own motion. The state insisted that defendant deliberately waived the defense of his competence to stand trial by failing to demand a sanity hearing as provided by state law. In rejecting this argument, the Court said "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or

intelligently 'waive' his right to have the court determine his capacity to stand trial." Justices Harlan and Black in a dissenting opinion said, "Waiver is not an apposite concept where we premise a defendant so deranged that he cannot oversee his lawyers."

■■■ We are convinced that whether a hearing should be held on the issue of defendant's competency to stand trial should not turn on whether a timely request is made. Our own rule does not preclude the judge from invoking the procedure *sua sponte* if he has reasonable ground to question defendant's competency to stand trial. This is true whether it is in reference to an initial sanity hearing or a subsequent hearing after it has been reported that defendant is competent to stand trial.

On the question of whether a formal adjudication of competency is necessary before defendant may be put to trial having been previously adjudged incompetent, the weight of authority is that it may not always be necessary. In Haislip v. United States, 76 U.S.App.D.C. 91, 129 F.2d 53 (1942) the question now before this court was raised. The applicable statute was very similar to our Rule 250. The court held that "upon the discharge of an accused from the hospital as cured and in the absence of anything showing the invalidity of the certificate of the superintendent, the court is required to proceed with the trial on the suspended criminal indictment, and no further proceedings on the question of sanity are necessary." Accord Marshall v. United States, 119 U.S.App.D.C. 83, 337 F.2d 119 (1964); Hunter v. United States, 116 U.S.App.D.C. 323, 323 F.2d 625 (1963), cert. denied 380 U.S. 918, 85 S.Ct. 912, 13 L.Ed.2d 803. Cf. Gunther v. United States, 94 U.S.App.D.C. 243, 215 F.2d 493 (1954). See also Contee v. United States, 94 U.S. App.D.C. 297, 215 F.2d 324 (1954).

■■■ The prior adjudication of mental incompetency gives rise to a rebuttable presumption of continued incompetency. We hold that where evidence of restoration to competency i. e. the report of the Arizona State Hospital certifying to defendant's competency to stand trial, is accepted as satisfactory by counsel for the accused, the prosecution, and by the court on the basis of the record before it, the presumption is outweighed and the court should proceed to trial without further determination. In all respects a determination of competency is made and the disability of insanity is removed. The fact that the accused is not given the opportunity of confrontation does not invalidate such a procedure. An inquiry into a defendant's sanity is a civil proceeding whereas the rule of confrontation applies only to criminal cases. Short v. State of Arizona, 53 Ariz. 185, 87 P.2d 266 (1939). On the other hand, where the evidence before the court raises substantial doubts of competency at the time of trial or plea, a hearing should be held, and a determination made.

Proceeding on this basis, our inquiry is thus directed to the question of whether a subsequent Rule 250 hearing was necessary in the instant case. In support of his verified motion for such a hearing, counsel for defendant filed an affidavit to the effect that defendant was unable to stand trial as set forth in the motion. Opposed to this, the trial judge had before him the report from the Arizona State Hospital certifying to defendant's competency to stand trial. To this were attached copies of the report of the examining psychiatrist and the examining psychologist. The report was dated October 20, 1965—just six days before the day the motion was made and less than a month after his commitment. The affidavit filed by defendant's counsel was identical to his earlier affidavit filed in support of the first Rule 250 hearing.

■■■ In view of counsel's verified motion and attached affidavit, and the record then before the court indicating a past history of hospital commitments and abnormal mental behavior we hold that the trial court erred in denying the motion for a subsequent sanity hearing.

 Having concluded that a subsequent hearing was imperative on the facts before us, the question raised is whether a new trial must be ordered or whether a *nunc pro tunc* inquiry into defendant's prior competency is sufficient. The United States Supreme Court has emphasized the difficulty of retrospectively determining an accused's competency to stand trial. Pate v. Robinson, supra; Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The trial judge would be unable to observe the subject of their inquiry and expert witnesses would have to testify solely from information contained in the printed record. Since these difficulties are only aggravated in the instant case by the passage of two years, the defendant should be granted a new trial. See dissenting opinion in Hunter v. United States, 119 U.S.App.D.C. 174, 338 F.2d 283, 284 (1964).

 Defendant further alleges that the trial judge erred in refusing to give a requested instruction on circumstantial evidence. Instructions on circumstantial evidence should be given when the doctrine requiring proof beyond a reasonable doubt is applied to a case in which the defendant's guilt must be inferred from a pattern of incriminating circumstances. State v. Maynard, 101 Ariz. 239, 418 P.2d 576 (1966). This is not a case where the prosecution relies exclusively on direct evidence. In addition to the extra-judicial admission of the defendant there was testimonial evidence by eye-witnesses who identified defendant as the person in the store just prior to the time the crime was committed, and also by police officers who arrested defendant in possession of the money and the weapon used in the robbery. On these facts it was error not to give an instruction on circumstantial evidence.

The defendant also assigns as error the trial court's denial of defendant's motion made on the day of trial for remand to the Justice Court for a preliminary hearing.

 Failure to comply with Rule 79, Rules of Criminal Procedure, 17 A.R.S.,[1] is a ground for dismissing an information under Rule 169, subsec. A, par. 3(a), Rules of Criminal Procedure, 17 A.R.S. State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965). Rule 79 providing that an information should not be invalidated by the fact that a preliminary examination was neither had nor waived unless defendant objects before pleading to the merits does not violate the constitutional provision prohibiting prosecution for a felony by information without a preliminary examination or waiver thereof. State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964).

 The motion to remand in the instant case was made after defendant's plea on the merits—approximately twenty months after the arraignment. Therefore, the information was rendered immune from any attack on the grounds of failure to hold a preliminary examination and defendant conclusively waived his right to have a hearing. See State v. Brazeal, 99 Ariz. 248, 408 P.2d 215 (1965) and State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964).

 The sole ground upon which defendant contends he did not competently waive his preliminary examination is that he was subsequently found unable to aid in his own defense. The fact, however, that the Rule 250 hearing was conducted approximately twenty months after the date of the waiver, and the further fact that the jury rejected defendant's defense of insanity—defendant waived preliminary examination just two days after commis-

1. "No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits."

sion of the crime charged—certainly mitigates against this argument. Finally, there seems to be no justification, unless it be for tactical reasons, for defendant and his counsel not to have made the motion to remand earlier in the proceedings.

■ We reaffirm our position uniformly taken in the past adhering to what is known as the Rule of McNaghten's Case as the test for criminal insanity. See e.g.

State v. Schantz, 98 Ariz. 200, 403 P.2d 521 (1965).

The judgment of the court below is reversed and the case remanded for a hearing to ascertain defendant's present competency to stand trial and for a new trial if found competent.

BERNSTEIN, C. J., McFARLAND, V. C. J., STRUCKMEYER, and LOCKWOOD, JJ., concur.