497 P.2d 812

STATE of Arizona, Appellee,

v.

John F. REYNOLDS, Appellant.

No. 2022.

Supreme Court of Arizona,
In Division.

June 8, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes and William Carter, Asst. Public Defenders, Phoenix, for appellant.

HOLOHAN, Justice.

Defendant, John F. Reynolds, appeals his judgment of guilt to the charge of rape, first degree and the sentence imposed thereon of 30 to 40 years. The judgment of guilt was based upon his plea of guilty to the charge, and the questions presented involve whether the plea of the defendant was voluntarily and understandingly made, and whether the defendant should be allowed to withdraw his plea of guilty.

Shortly after the arraignment of the defendant, his counsel filed a motion for a

mental examination pursuant to Rule 250, Rules of Criminal Procedure, Vol. 17 A.R. S. The motion was granted, and the court appointed two psychiatrists who thereafter examined the defendant and found him unable to understand the nature of the proceedings or to assist counsel in his defense. On March 23, 1965 the trial judge ordered the defendant committed to the Arizona State Hospital. The defendant was under treatment until October, 1965 when the examining physician of the Arizona State Hospital issued a report in which he concluded that the defendant was then presently able to understand the criminal proceedings against him and to assist in his defense. The opinion of the examining physician was accepted and approved by the Superintendent of the Arizona State Hospital, and the defendant was returned to the custody of the Sheriff of Maricopa County.

The defendant and his counsel appeared before the trial court on October 25, 1965 at which time the report from the state hospital was made a part of the record, and the cause was set for trial for November 17, 1965. On November 18, 1965 the defendant appeared with counsel, and the former plea of not guilty was withdrawn and a plea of guilty was entered. The only record of the proceeding is found in the minutes, and, except for noting appearance and the fact of the plea change, little is shown of what took place. The minutes do note that:

"* * * the Defendant in open Court and with counsel states that he understands the charge."

After sentence, the defendant failed to appeal within the appropriate time period, but the defendant has on several occasions attempted, beginning in October, 1966, to have some review of his conviction, and in May, 1968 he first urged by affidavit his position that the plea of guilty was based upon a promise that he would receive 2 to 3 years for rehabilitation and that this promise was not kept. In 1969 defendant filed a motion for a delayed appeal and

this Court granted that motion. The record in this matter was forwarded to this Court and a Public Defender was appointed for this appeal.

Defendant contends that the trial court failed to make a judicial determination as to his ability to understand the proceedings against him or to assist in his defense.

The question here concerns not insanity at the time of the crime but rather the ability of the defendant at the time to understand the proceedings against him or to assist in his defense. This is properly a question governed by Rule 250 and that rule, we have held, applies to cases which result in guilty pleas as well as cases that go to trial. State v. Davis, 106 Ariz. 598, 480 P.2d 354 (1971); State v. Nielsen, 108 Ariz. 251, 495 P.2d 847 (1972). Defendant suggests that the court had an obligation to conduct a second 250 hearing and there judicially determine whether defendant was able to stand trial. The cases defendant cites such as State v. Stracuzzi, 79 Ariz. 314, 289 P.2d 187 (1955), involve a situation governed by a statute since changed, A.C.A.1939, § 44–1701. This case is governed by our present Rule 250 and not § 44–1701. We analyzed the differences between § 44–1701 of the 1939 Code and Rule 250, its successor, in State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967), and held that under the old law (§ 44–1701) a second hearing was required while Rule 250 provides in part as follows:

"Rule 250. Examination of defendant's mental condition prior to or during trial; proceeding with trial or commitment of defendant to institution

* * * * * *

"B. If the court, after the hearing, decides that the defendant is able to understand the proceedings and to assist in his defense it shall proceed with the trial. If it decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall have the defendant committed to the institution authorized to receive him, and the

commitment of the defendant shall exonerate his bail. If thereafter the authorized officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist in his defense, he shall report such fact to the court which conducted the hearing. *If the officer so reports, the court shall proceed with the trial,* and may again admit the defendant to bail, if he is bailable." [Emphasis supplied.]

We held a second hearing under Rule 250 will not always be required and:

" * * * where evidence of restoration to competency i. e. the report of the Arizona State Hospital certifying to defendant's competency to stand trial, is accepted as satisfatory by counsel for the accused, the prosecution, and by the court on the basis of the record before it, the presumption is outweighed and the court should proceed to trial *without further determination.* In all respects a determination of competency is made and the disability of insanity is removed." (102 Ariz. at 487, 433 P.2d at 278).[1] (Emphasis supplied.)

■ Since there was no objection nor motion made by defense counsel requesting a second hearing we must assume the report of the physician certifying defendant as competent to stand trial was accepted as satisfactory. The trial court properly proceeded in setting the matter for trial.

The main thrust of the appeal is directed at the proceedings in which the plea of the defendant was changed from not guilty to guilty. Unfortunately, there was no court reporter present at the change of plea hearing. The only notation we have is a minute entry which has previously been described.

■ Defendant argues that the standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), be applied. We specifically held in State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), that the requirements of *Boykin* will not

be applied retroactively, only prospectively. The guilty plea having been entered on November 18, 1965, we must follow the pre-*Boykin* guidelines and judge the plea "with reference to the basic fairness of these proceedings rather than to [the] rigid standards" of *Boykin.* State v. Johnson, 107 Ariz. 169, 170, 484 P.2d 1, 3 (1971).

■ We are unable to say on the basis of the minutes alone that the procedure accorded the defendant was basically fair. We said in State v. Griswold, 105 Ariz. at 5, 457 P.2d at 335, in deciding a pre-*Boykin* case that if a plea of guilty was "freely made, that is, not under physical duress, and with full knowledge of the consequences, then it must be said that the choice is voluntarily made." To determine whether the defendant was properly advised of his rights and the consequences of his guilty plea we must look to the record. State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (1968).

It is to be noted that the defendant is a person of limited intelligence. While at the state hospital he was tested and found to have a 70 I.Q. (Report of Examining Physician). The record is silent as to whether the plea was the result of any bargain or agreement. The crime was most serious and carries a heavy penalty, so the defendant's plea of guilty subjected him to the possibility of a long term of confinement which subsequently became a reality in the actual sentence adjudged. The total circumstances raise questions which cannot be answered by the record. It may be that the defendant was fully and carefully advised of his rights and the consequences of his acts, but such is not shown.

The defendant has additionally urged that his plea should be set aside because he was promised a sentence of 2 to 3 years. Again, the record is of no help, and there is nothing in the file which rebuts this contention.

---

1. In 1968, A.R.S. § 13–1621 was amended making a second hearing mandatory after an initial determination of insanity.

See State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969), § 13–1621, Subsec. H, par. 4.

In order that there be a record sufficient to answer the questions presented this case must be returned to the trial court for an evidentiary hearing to determine what matters were covered with the defendant at his plea and sentence, and for a hearing on the issue of whether the defendant was promised any certain sentence.

If the trial court finds that the defendant was either not sufficiently advised of his rights or that he was unaware of the consequences of his actions or that he had been promised a certain sentence the court may set aside the sentence and permit the defendant to withdraw his plea of guilty and set the matter for trial. If the court finds that the defendant was not promised any particular sentence and that he was adequately advised of his rights and the consequences of his acts sufficiently to meet the test of fundamental fairness then the court should make appropriate findings of facts and conclusions and return the matter to this Court for further review.

CAMERON, V. C. J., and LOCKWOOD, J., concur.