511 P.2d 645

**STATE of Arizona, Appellee,**

v.

**John F. REYNOLDS, Appellant.**

**No. 2022.**

Supreme Court of Arizona,
In Banc.

July 10, 1973.

Rehearing Denied Sept. 18, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Per Curiam:

This case was originally before us in State v. Reynolds, 108 Ariz. 314, 497 P.2d 812 (1972). The case was ordered returned to the trial court for further hearing.

The trial court held the required hearing at which the state and the defendant

presented evidence on the issues, and thereafter the trial court made findings of fact and conclusions of law. The case is now before us on the objections of the defendant to the findings and conclusions of the trial court, and the defendant presents two issues: the sufficiency of the findings of the trial court and a repetition of one of the points in the original case, namely, that there was not a specific finding of the defendant's competency to stand trial.

■ On the sufficiency of the findings of the trial court, we have reviewed the record, and we are satisfied that the evidence supports the findings and conclusions of the trial court. The evidence discloses, as found by the trial court, that the defendant was at all times represented by able and competent counsel, that he was not promised any certain sentence, that prior to accepting his plea he was advised of his rights by the trial judge, and that the plea of guilty by the defendant was made freely and with full knowledge of the consequences of such plea. From the foregoing the trial court concluded that the procedure in receiving the plea of guilty and sentencing of the defendant were basically fair. Since this is a pre-*Boykin* plea (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 [1969]) the standard is measured by basic fairness. State v. Johnson, 107 Ariz. 169, 484 P.2d 1 (1971).

■ Counsel for the defendant re-urges the point that the trial court did not make a specific finding of competency after the defendant was returned from the state hospital with a certification from the hospital that he was competent to stand trial. The trial judge followed the then existing practice required by Rule 250, Rules of Criminal Procedure, 17 A.R.S. The issue raised by the defendant has been resolved in State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967) that such a specific finding was not necessary when there was no objection by counsel for the defense to the certification made by the state hospital.

The procedure in this case is substantially the same as in *Bradley*. The certification of the physicians at the state hospital of the competency of the defendant together with the complete psychiatric examination were filed with the trial court and made a part of the record. The minutes of the trial court disclose that counsel for the state and the defense were present at the time the trial court noted for the record that the report from the state hospital certifying to competency had been filed, and there was no objection by any of the parties to the report or to the case being set for trial.

Counsel for the defendant has never challenged the findings of the physicians at the state hospital, and there was never any objection raised to the report nor to the action of the trial court in setting the matter for trial. All parties, including the court, accepted the report, and we find no error in this action under the procedure then in effect. In 1968 with the amendment of A.R.S. § 13–1621 a second hearing on the issue of competency to stand trial after a defendant's return from the institution is made mandatory.

■ We have reviewed the report of the state hospital to determine whether there was any reason why the trial court on its own motion should not have proceeded with the case. The report submitted discloses that the staff at the state hospital conducted a thorough examination including the use of objective tests for any neurological defects, a period of careful observation was pursued, and a complete history of the defendant was secured. It is true that the defendant was of limited intelligence but not of such limitation as to prevent his understanding the proceedings nor preventing him from assisting his counsel in his own defense.

■ Both the defendant and his counsel had hoped that the defendant would not receive a more severe sentence than the co-defendant who had been sentenced to a term of not less than 5 nor more than 20

years. Counsel testified that if he had known that the court might give a more severe sentence he would have advised the defendant to go to trial. This position, however, is no reason to set aside an otherwise valid plea of guilty and legal sentence. It should be noted that the defendant had previously been convicted in another jurisdiction of an offense similar to the present one, and the trial court acted with reasonable discretion in imposing the sentence in the instant case.

The objections of the defendant to the findings and conclusions of the trial court are overruled. The findings and conclusions of the trial court are approved, and the judgment and sentence are affirmed.

LOCKWOOD, J., did not participate in the determination of this matter.