515 P.2d 849

**STATE of Arizona, Appellee,**

v.

**Clifton WILLIAMS, Appellant.**

**No. 2620.**

Supreme Court of Arizona,
En Banc.

Nov. 15, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Former Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, Clifton Williams, pleaded guilty to a charge of armed robbery, with a previous conviction, and a charge of assault with a deadly weapon, with a previous conviction. He was sentenced to a term of thirty years to life on the first charge and ten to fourteen years on the

second, with the two sentences to run concurrently.

At his arraignment he at first stood mute and a plea of not guilty was entered to each charge. Later, he pleaded guilty to both charges and prior convictions, and still later he withdrew these pleas. He then served notice of his intent to plead not guilty because of insanity and moved for the appointment of psychiatrists to examine him pursuant to A.R.S. § 13–1621.-01(J). The motion was granted and two doctors reported that he had blackout episodes and perhaps was suffering from a "temporal lobe psychomotor state." They recommended that many more extensive tests be done before rendering a definitive opinion. As a result, the court, pursuant to A.R.S. § 13–1621(C), committed him to the State Hospital where he remained for four weeks while the recommended tests were made. After that time, the hospital certified that he understood the charges and could assist his counsel with his defense. A psychologist and a psychiatric social worker had examined and conferred with him at the hospital. By July 27, 1972, the reports of all four of the examiners had been filed with the court.

On September 13, 1972, defendant pleaded guilty to both counts and to the prior convictions.

■ On appeal, defendant's counsel raises only one issue—namely, whether the case should have been allowed to go forward without first holding a hearing pursuant to A.R.S. § 13–1621(E), which reads as follows:

"E. Immediately after the examinations by experts contemplated by subsections C and D of this section, the court shall hold a hearing to determine, on the basis of the expert testimony, including the evaluation, report and testimony of an official of the institution to which the defendant may have been committed, plus any other evidence regarding the defendant's mental condition introduced by either party, whether the defendant is able to understand the proceedings against him and to assist in his own defense. The parties may, by stipulation, waive oral testimony at this hearing."

In our opinion, the above language is clear, unequivocal, and mandatory, and the failure to hold a hearing to determine whether defendant's condition was such that he should be tried, was error. State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967), and State v. Reynolds, 108 Ariz. 314, 497 P.2d 812 (1972), are not in point, as they were decided before the above statute was enacted. This case, therefore, is remanded to the trial court for the purpose of holding the required hearing to determine whether defendant was, at the time of his plea, able to understand the proceedings against him and assist in his own defense. If the court finds that he was, it shall so report to this court. If it finds that he was not, it shall proceed as provided in Rule 11, New Rules of Criminal Procedure, 17 A.R.S. *See* State v. Clemons, 110 Ariz. 79, 515 P.2d 324 decided November 1, 1973.

■ In addition to the issue raised by defense counsel, defendant has filed a supplemental brief in propria persona. In it defendant contends that he was promised that he would be sentenced to the State Hospital rather than to prison, in return for pleading guilty and testifying against his co-defendant. The trial court, before accepting the guilty plea, questioned defendant at great length and the latter swore that no promises had been made to him. If defendant can prove the promise that he claims was made, he should be given an opportunity to do so at the hearing, and a finding on that issue should be made by the trial court. State v. Richard, 109 Ariz. 65, 505 P.2d 236 (1973).

■ Defendant also argues that a gun was mentioned in the charge, and this appears to be true. The indictment mentions a "gun or other deadly weapon." However, the absence of any gun, and the presence of a knife, was made clear to the judge during his interrogation of the defendant. A knife is a deadly weapon.

Defendant also argues that he got a more severe sentence than did his codefendant. This is no cause for reducing the sentence, as defendant admitted one prior felony conviction and had at least two others. The sentence was well within the statutory limits and no abuse of discretion is apparent.

Defendant's last argument is that he was prejudiced because the prosecutor labeled him as one of the ten top criminals in Arizona. We are unable to consider this point because there is nothing in the record to show that this is a fact. Furthermore, even if it were a fact, there is nothing in the record to show that this had any effect on his case, since he pleaded guilty and there was no trial.

Remanded to the Superior Court for a further hearing in accordance with this opinion.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.