535 P.2d 617

**STATE of Arizona, Appellee,**

v.

**David Robert ROSE, Appellant.**

**No. I CA–CR 854.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 13, 1975.

Bruce E. Babbitt, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

HAIRE, Chief Judge, Division 1.

Appellant-defendant, David Robert Rose, was charged with attempted rape, and was found guilty by the trial judge sitting without a jury of the charge of aggravated assault. Imposition of sentence was suspended for a period of five years and defendant was placed on probation.

On appeal he raises two contentions: (1) that he was denied a speedy trial, and (2) that the court never determined that he was competent to stand trial, nor was there ever a written stipulation of submission of this question to the court based upon certain medical reports.

The facts pertinent to a determination of these contentions are as follows. Defendant was charged with the attempted rape of the prosecutrix by complaint filed August 31, 1973. A preliminary hearing on this charge was held on September 17, 1973, and defendant was arraigned on September 21, 1973, after entering a plea of not guilty.

On October 1, 1973, pursuant to defendant's motion, an order was entered appointing two doctors to give defendant mental

examinations. The reports of these doctors were filed with the court on November 14, 1973 and November 19, 1973. By minute entry of December 12, 1973, the court, after stating that this matter was submitted for determination upon the reports, found defendant legally sane and competent to stand trial, and set January 2, 1974 as the trial date. This trial date was vacated by order dated December 27, 1973, pursuant to defendant's notice of change of judge.

On January 8, 1974 further medical examinations were ordered for the purpose of determining the probable mental condition of the defendant at the time of the alleged offense. These examinations were ordered after one of the prior psychiatric reports indicated that defendant was once before accused of first degree rape and was found not guilty by reason of insanity. Defendant also requested that this second set of examinations be administered. The results of these examinations were filed with the court on March 13, 1974 and April 4, 1974.

Defendant filed a motion to be released on his own recognizance or in the alternative to reduce bond on May 14, 1974. This motion was considered and denied at a hearing held on May 17, 1974. This hearing was denoted by the court as a "competency hearing" as well as a hearing on the above motion. Trial was set for May 23, 1974 at this hearing.

On May 22, 1974 defendant filed a motion to dismiss for lack of speedy trial. Argument on this motion was heard on May 23, 1974 at the commencement of trial, the court denied said motion, and the matter proceeded to trial with the court finding defendant guilty of aggravated assault. Defendant's motion for new trial, which again reiterated his claim of denial of speedy trial, was denied and this appeal followed.

■ Defendant's first contention is that he was denied a speedy trial when he was not brought to trial until nine months after his arraignment. The rule in effect at the time of the commencement of this prosecution was Rule 236, 17 A.R.S., which states in part:

"[W]hen a person had been indicted or informed against for an offense, if he is not brought to trial for the offense within *sixty days* after . . . the information filed, *the prosecution shall be dismissed* upon the application of such person . . . unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. . . ." (Emphasis added)

The leading United States Supreme Court case on the issue of denial of Sixth Amendment right to speedy trial is Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four-pronged balancing test of Barker, which will be set out below, has been applied in numerous cases concerning lack of speedy trial by the Arizona Supreme Court. *See* State v. Brannin, 109 Ariz. 525, 514 P.2d 446 (1973); State v. Ballinger, 110 Ariz. 422, 520 P.2d 294 (1974); State v. Lemon, 110 Ariz. 568, 521 P.2d 1000 (1974).

In Barker the Court recognized that no ironclad approach can be utilized in determining if a defendant has been denied a speedy trial, but rather:

" * * * The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed [footnote omitted]." 92 S. Ct. at 2191–2192.

The four factors which the Court held to be most important, although not excluding other factors, are: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Therefore we must consider all these factors and any others which may be pertinent since no one factor is conclusive. Barker v. Wingo, *supra*.

It has been stated that the length of delay is perhaps the least conclusive of the factors, and where, as here, it is substantial, acts merely as a triggering mechanism

necessitating analysis of the other factors. Barker v. Wingo, *supra.*

Regarding the reason for the delay, it becomes apparent from a review of the record that a good portion of the nine month delay between arraignment and trial was the direct result of motions presented by the defendant. These include two motions for medical examinations, and the notice for the change of judge. Defendant contends that there was an excessive delay in conducting the examinations and that this was due in part to the inability of the doctors to locate defendant as a result of the negligence of county jail personnel in advising the doctors that defendant was not there for examination. There is no evidence in the record to support a finding that this delay was part of a plan by the state to prejudice defendant. We do recognize that excessive time was taken by the doctors in preparing the reports, but we do not believe that this delay, under the evidence presented, can be charged to the state.

Next we must consider the defendant's assertions of his right to a speedy trial. There was no assertion by defendant prior to his motion on May 14, 1974 to be released on his own recognizance. This was followed by his motion to dismiss for lack of speedy trial which was filed on May 22, 1974. Both of these occurred well after the arraignment and near the time of trial. It nowhere appears in the record that defendant asserted his right at an earlier date in any manner whatsoever. In addition it has been held in State v. Rogers, 110 Ariz. 582, 521 P.2d 1128 (1974), that a defendant is not necessarily denied a speedy trial merely upon a showing of satisfying this third prong of Barker, but once again all of the factors must be balanced.

Defendant next contends that he was actually prejudiced by the nine month delay in that certain parties whom he intended to call as witnesses were no longer available. The incident which resulted in the filing of charges against defendant occurred in a motel. It is defendant's contention that since the time of that incident the people who were at the motel are no longer available to testify and cannot be located. It appears obvious to this Court that the defendant should have known that the motel was frequented by transients and that his counsel should have taken appropriate steps to investigate the availability of witnesses and the nature of their proposed testimony near the time of the occurrence of the incident if he felt that it was important to the defense. Nothing has been presented which would indicate that any specific unavailable witness's testimony would have been beneficial to the defendant. After evaluating all of these factors we conclude that defendant was not denied his right to a speedy trial.

Defendant's second contention is that the court never found that he was competent to stand trial. Before reaching the merits of this contention we must determine whether or not defendant is correct in his assertion that the new rules of criminal procedure apply to the aspect of the prosecution here involved.

Rule 1.5, Rules of Criminal Procedure, 17 A.R.S., provides that the new rules "shall govern all criminal actions commenced on or after twelve o'clock midnight, 1 September 1973." The complaint in this case was filed on August 31, 1973. Therefore this is an "old rules" case for general purposes.

However, the defendant contends, and we believe that he is correct in so contending, that Rule 11 of the new rules, which concerns incompetency and mental examinations, is applicable to this case. In State v. Clemons, 110 Ariz. 79, 515 P.2d 324 (1973) the Arizona Supreme Court held that the Arizona statutory procedures prescribed for commitment and release of persons acquitted of criminal charges by reason of insanity were unconstitutional on equal protection grounds. The Court went on to state:

"This court has recently enacted Rules of Criminal Procedure which cover the methods to be followed in all criminal

matters commencing after 1 September 1973. Because of the doubt cast upon these statues, § 13–1621 and § 13–1621.-01 A.R.S., by this decision and prior decision of this court, State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969); State v. Shaw, 106 Ariz. 103, 471 P.2d 715 (1970); State ex rel. Berger v. Superior Court, 106 Ariz. 365, 476 P.2d 666 (1970), and there being no present rule for the court to follow in cases commenced prior to 1 September 1973, we believe that there will be less confusion if we apply Rule 11 (Incompetency and Mental Examinations) and Rule 25 (Procedure After Verdict or Finding of Not Guilty by Reason of Insanity) of the Rules of Criminal Procedure 1973, *to all criminal matters pending after the issuance of the mandate in this case even though commenced prior to 1 September 1973.*" (Emphasis added). 110 Ariz. at 84, 515 P.2d at 329.

The state contends that Rule 11 does not apply to this case since the exception of applying the "new rules" to what is otherwise an "old rules" case, which was carved out in Clemons, only applies to those cases where a defendant has actually been found incompetent. In support of this contention the state cites State v. Williams, 110 Ariz. 104, 515 P.2d 849 (1973). In Williams the matter was remanded to the trial court in the following terms:

"This case, therefore, is remanded to the trial court for the purpose of holding the required hearing to determine whether defendant was, at the time of his plea, able to understand the proceedings against him and assist in his own defense. If the court finds that he was, it shall so report to this court. If it finds that he was not, it shall proceed as provided in Rule 11, New Rules of Criminal Procedure, 17 A.R.S. *See* State v. Clemons, 110 Ariz. 79, 515 P.2d 324 decided November 1, 1973." 110 Ariz. at 105, 515 P.2d at 850.

We are unable to agree with the state's contention because there is nothing in State v. Williams, *supra,* which limits Clemons, *supra.* The latter clearly establishes an all-inclusive exception to the effective date of Rule 11 and Rule 25 of the new rules of criminal procedure in Arizona.

Rule 11.5 of the new rules provides that:

"a. Hearing. When the examinations have been completed, the court *shall hold a hearing* to determine the defendant's competency. The parties may introduce other evidence regarding the defendant's mental condition, *or by written stipulation, submit the matter on the experts' reports.*

"b. Orders. After the hearing:

"(1) If the court finds that the defendant is competent, proceedings shall continue without delay.

"(2) If the *court determines* that the defendant is incompetent and that there is no substantial probability that he will become competent within a reasonable period of time, it shall

(i) Order him civilly committed if it finds that his condition warrants such commitment according to the standards provided by law; or

(ii) Release him forthwith.

"(3) *If the court determines* that the defendant is incompetent, but that there is a substantial probability that he will be restored to competency within a reasonable period of time, it shall order him committed to the supervision of an institution authorized to receive him for an indefinite period not to exceed six months or his earlier attainment of competency." (Emphasis added).

After reviewing the record in this case it becomes obvious that the trial judge failed after the second set of medical reports were filed to determine, on the record, whether defendant was competent to stand trial. This matter was to be considered at the hearing held on May 17, 1974, but there is no indication from the minute entry entered on that date that the judge ever reached that issue, much less how he actually determined the same.

For this reason this case is remanded to the trial court for the purpose of determining whether or not defendant was competent to stand trial.[1] The court shall conduct a hearing that complies with Rule 11. If the court finds that defendant was competent, it shall certify a copy of the minute entry containing such a finding to this court. If it finds that he was not competent, it shall proceed as provided in Rule 11.

In addition, if upon remand the parties decide to submit this matter to the trial court upon the medical reports, such a stipulation must appear in writing in accordance with the provisions of Rule 11.5. Defendant contended that such a written stipulation was absent in the prior proceeding, but we need not reach the issue of whether that, in and of itself, would require a reversal due to our resolution of the other issues.

Remanded with instructions.

JACOBSON, P. J., and EUBANK, J., concur.

---

1. It is worthy to note that we would have reached the same result under the "old rules". *See* State v. Williams, *supra*; A.R.S. § 13–1621(E) (old rules).