547 P.2d 1085

**The STATE of Arizona, Appellee,**

**v.**

**Charles Dale FERGUSON, Appellant.**

**No. 2 CA–CR 722.**

Court of Appeals of Arizona,
Division 2.

April 5, 1976.

Rehearing Denied May 12, 1976.

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

1. The trial court considered numerous items submitted in a "disclosure packet" together with the grand jury transcript as well as the testimony at the Rule 11 hearing in reaching its conclusion that appellant was competent to stand trial.

Hooker, McDonald & Morgan by Robert J. Hooker, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

The single issue to be decided in this case is whether appellant's inability to recall the events surrounding the crime for which he was indicted because of an organic amnesiac condition rendered him incompetent to stand trial.

Appellant was charged with offering to sell narcotic drugs in violation of A.R.S. Sec. 36–1002.02(A). After he was found to be competent pursuant to a Rule 11 hearing[1], a plea agreement was reached whereby appellant pled guilty to second degree conspiracy to sell narcotic drugs and no contest to possession of narcotic drugs. He was placed on probation for six years for possession of narcotic drugs and for three years for second degree conspiracy, the periods to run concurrently with the condition that he spend the period of September 15, 1975 to April 28, 1976 in the Pima County Jail.

■ Since competency to stand trial is essentially a factual question to be decided on a case by case basis, *State v. McClendon,* 103 Ariz. 105, 437 P.2d 421 (1968); 46 A.L.R.3d 544 (1972), our role as an appellate court is merely to determine whether the trial court's finding is supported by reasonable evidence i. e. whether its finding was clearly erroneous. *State v. Linsner,* 105 Ariz. 488, 467 P.2d 238 (1970); *United States ex rel. Parson v. Anderson,* 481 F.2d 94 (3rd Cir. 1973).

■ The leading case on the competency of an amnesiac defendant to stand trial is *Wilson v. United States,* 129 U.S.App.D. C. 107, 391 F.2d 460 (1968).[2] *Wilson* sets

2. The State argues that federal cases on this question are rendered in the appellate court's capacity as interpreters of the federal rules and are therefore to be considered by us as advisory. We do not agree. The question of whether a defendant is competent to stand

forth the following factors as appropriate for the trial court to consider in determining competency:[3]

"(1) The extent to which the amnesia affected the defendant's ability to consult with and assist his lawyer. .

(2) The extent to which the amnesia affected the defendant's ability to testify in his own behalf.

(3) The extent to which the evidence in suit could be extrinsically reconstructed in view of the defendant's amnesia. Such evidence would include evidence relating to the crime itself as well as any reasonably possible alibi.

(4) The extent to which the Government assisted the defendant and his counsel in that reconstruction.

(5) The strength of the prosecution's case. . . . If there is any substantial possibility that the accused could, but for his amnesia, establish an alibi or other defense, it should be presumed that he would have been able to do so.

(6) Any other facts and circumstances which would indicate whether or not the defendant had a fair trial."

■ The sixth factor is not applicable here since appellant did not go to trial,[4] and appellant does not contend that the prosecution was other than perfectly candid concerning its case against him. Factors one, two, three and five are those which appellant contends were not given appropriate consideration by the trial court.

■ Initially appellant claims that the prosecution's case was weak in that the testimony of one witness was the only proof that appellant offered to sell narcotic drugs to an undercover police officer. Appellant says this witness was unreliable because he was a paid informant. We recognize that bringing this fact out at trial would have some bearing on the witness' credibility, but we hardly agree that this makes his testimony so unreliable as to render the prosecution's case less than substantial.

■ As a corollary to his contention that the prosecution's case was weak, appellant claims there was a substantial possibility that he could, but for his amnesia, establish an entrapment defense and, therefore, it should be presumed that he would have been able to do so. Again, we do not agree. There is nothing in the disclosure materials which indicates that appellant was induced to commit a crime he had not contemplated and would not otherwise have

---

trial is a federal one requiring an interpretation of the federal Due Process Clause. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The fact that federal courts apply 18 U.S.C. Sec. 4244 and Arizona courts apply Rule 11, Rules of Criminal Procedure, 17 A.R.S., is of no moment.

3. *Wilson* cites *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) as the case which establishes the test of competency in federal courts. That test is whether a defendant has sufficient "present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." 391 F.2d at 463. *Dusky* itself deals with the requirement of 18 U.S.C. Sec. 4244 but when read in connection with *Pate*, it is apparent that the statutory and constitutional tests are similar if not the same.

4. The State claims that appellant's plea to a lesser charge operated as a waiver of his right to challenge the trial court's determination of his competency. We do not agree for the simple reason that once there is a bona fide doubt as to a defendant's competency, A.R.S. Sec. 13–1621 together with the Due Process Clauses of the State and federal constitutions require that the issue be resolved before proceeding further. *Pate v. Robinson*, supra; *State v. Sanders*, 110 Ariz. 503, 520 P.2d 1127 (1974). The right to a determination of competency to stand trial cannot be waived for the obvious reason that until he is found competent, a defendant cannot make a knowing waiver. *State v. Davis*, 106 Ariz. 598, 480 P.2d 354 (1971). See also, *People v. Francabandera*, 33 N.Y.2d 429, 354 N.Y.S. 2d 609, 310 N.E.2d 292 (1974).

**288**

committed. See *State v. Ross,* 25 Ariz. App. 23, 540 P.2d 754 (1975).

 Closely related to the above argument is appellant's contention that the evidence, which the disclosure materials indicated would be produced at trial, did not sufficiently reconstruct the crime so as to enable appellant to prepare a proper defense. Again we do not agree. The disclosure materials together with the grand jury transcript contain ample evidence of the events which occurred on October 28, 1975, to enable appellant to prepare an adequate defense. The statement of the informant establishes the time and place of the meeting between appellant, the informant and the undercover police officer as well as the substance of the statements made by appellant to the officer. Detective Anaya's grand jury testimony corroborates the informant's statement concerning everything but the substance of the conversation which Anaya was unable to overhear. The testimony of a witness to the activities of appellant, the informant, the undercover officer and Rufus Mincey in Room 211 of the Colony Apartments establishes that appellant was acting as a broker in the transaction between Mincey and the undercover officer. This evidence is more than sufficient to place appellant at the scene of negotiations for the sale of narcotic drugs and to rule out any reasonable possibility of an alibi defense.

The medical evidence establishes that appellant's ability to testify in his own behalf concerning the period of time when the offense allegedly was committed is virtually non-existent. Appellant had suffered a gunshot wound to the head which traumatized the memory centers of his brain. In addition, surgery was required which left appellant without significant portions of the frontal lobe. Therefore, the conclusion to be drawn from this evidence is that the memory loss is organic in nature and there is very little chance that appellant is feigning. Remarkably, however, appellant was described as having made a rather astonishing recovery. One medical expert testified that " . . . other than the amnesia this patient has no other problem . . . [as far as his] competency to stand trial [is concerned]; . . ." and that "insight, judgment and common sense did not appear . . . to be impaired . . . ."

 The issue thus becomes—did appellant's inability to testify in his own behalf together with the related difficulties involved in consulting with and assisting his counsel, render him incompetent to stand trial? This precise issue was presented in *McClendon.*[5] Had any of the issues previously discussed resolved themselves in favor of appellant, this case would be distinguishable from *McClendon.*[6] Here, however, we are presented with an accused who is capable of understanding the nature of the charge against him and is able to assist counsel with the exception of being able to relate the facts and circumstances of the alleged crime. This places appellant in the same position as "any defendant who alleges that at the time of the crime he was insane or very intoxicated or completely drugged, or a defendant whose mind allegedly went blank or who blacked out or who panicked and contends or testifies that he does not remember anything." *McClendon,* 103 Ariz. at 108, 437 P.2d at 424, citing *Commonwealth ex rel. Cummins v. Price,* 421 Pa. 396, 218 A.2d 758 (1966).

 We hold therefore that the trial court's ruling that appellant was competent

---

5. See also *State v. Johnson,* 112 Ariz. 17, 536 P.2d 1035 (1975).

6. In this case the medical witnesses concluded that appellant was not competent to stand trial whereas in *McClendon* the medical testimony was that the defendant was competent. This is not a distinguishing factor for this testimony constitutes a conclusion on the ultimate fact which is, of course, not binding on the court.

to stand trial is supported by the evidence and that accepting his plea of guilty to a lesser charge did not violate his right to due process of law.[7]

Judgment affirmed.

KRUCKER and HATHAWAY, JJ., concur.

See also, 26 Ariz.App. 297, 547 P.2d 1097.

---

7. Having determined that appellant was competent to stand trial, the court need not have re-determined his competency in order to accept the plea. *State v. Ellison*, 111 Ariz. 167, 526 P.2d 706 (1974).