564 P.2d 939

**STATE of Arizona, Appellee,**

v.

**Michael G. DORSEY, Appellant.**

**Nos. 1 CA–CR 2142 and 1 CA–CR 2143.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 24, 1977.

Rehearing Denied April 29, 1977.

Review Denied May 24, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

NELSON, Presiding Judge.

These consolidated appeals involving two guilty pleas raise the single question of whether the trial court was required, prior to taking the pleas, to make determinations of competency when appellant's competence to enter a plea of guilty had been established in another case in another division of the superior court two weeks earlier. Under the particular facts presented we answer the question in the negative.

Appellant was first charged in Maricopa County Criminal Cause No. 88483 with petty theft, to which charge he entered a plea of guilty on April 1, 1976. This case is not before us on appeal.

On March 24, an information was filed in Cause No. 92224 (1 CA–CR 2142 in this Court) charging appellant with first degree burglary and grand theft. On April 6, another information was filed in Cause No. 92931 (1 CA–CR 2143 here) charging appellant with one count of second degree burglary.

Appellant was represented in all of the above cases in the superior court by Deputy Public Defender H. Allen Gerhardt. On

April 13, counsel moved in both of the cases which are before us for an examination of appellant's mental condition pursuant to Rule 11.2 of the Rules of Criminal Procedure, 17 A.R.S. Apart from a description of some recent self-destructive behavior, the essential basis of the motions in both cases was that appellant would not communicate with counsel or assist counsel in developing a defense to the charges. On April 16, counsel moved in Cause No. 88483 (the case not before us) for a similar examination. On the same day, the Honorable Marilyn A. Riddel, who had taken appellant's plea of guilty in Cause No. 88483, granted the motion last referred to and vacated the date set for sentencing in that case. On May 14, the Honorable Fred J. Hyder made the following minute entry in the cases which are before us:

> "Defendant having filed a Motion for Examination of Defendant's Mental Condition, and,
>
> Defendant in Cause CR–88483, having had said motion granted and mental experts appointed,
>
> A hearing will be held and will be set on a date subsequent to receipt of said reports of the experts in Cause CR–88483."

Psychiatric reports were subsequently filed and on June 3, the issue was submitted on the reports to Judge Riddel in Cause No. 88483. She found in accordance with the conclusions of both medical reports that appellant was presently competent and that he had been competent on April 1 when he entered a plea of guilty to the charge of petty theft. She proceeded with sentencing in Cause No. 88483.

On June 17, pursuant to written plea agreements, appellant entered pleas of guilty to first degree burglary in Cause No. 92224 and to second degree burglary in Cause No. 92391. The agreements provided for dismissal of the grand theft charge in Cause No. 92224 and also for dismissal of a subsequent charge of possession of a narcotic drug. The plea agreements, both duly executed by appellant and his counsel, provide in part:

> "The defendant agrees to plead guilty to [the offense] * * * [o]n the following understandings, terms and conditions:
>
> * * * * * *
>
> 5. Unless this plea is rejected or withdrawn, that the defendant hereby gives up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement.
>
> * * * * * *
>
> [Signature of appellant]"
>
> "I have discussed this case with my client in detail and advised him of his constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.
>
> [Signature of appellant's counsel]"

The transcript of the change of plea hearing does not show a reference to the Rule 11.2 motions and the trial judge did not hold a hearing or make a determination of competency pursuant to Rule 11.5. The trial judge did, however, make findings that the pleas were knowingly, voluntarily and intelligently made. While there were no specific references to Judge Riddel's earlier determination of competency, there were other references to that case, including the following:

> "Now, do you have any questions that you wish to ask your lawyer or the County Attorney or the Court?
>
> DEFENDANT DORSEY: No, sir.
>
> MR. GERHARDT: Your Honor, the defendant did want me to bring to the Court's attention the fact that there has been another cause which has been disposed of in Judge Riddel's court and on which the defendant has been sentenced. Judge Riddel specifically requested that a detailed pre-sentence report be made in

that case, so that if there were disposition in this case, the probation officer would not have to proceed with another detailed report, would be merely able to supplement the report in this case. We would request that the sentencing be set for approximately two weeks. We believe that would be sufficient time for the probation officer to supplement her previous report and instead of delaying sentencing for 30 days."

Appellant contends that the cases before us should be remanded for determinations of competency and in support of the contention he cites *State v. Williams,* 110 Ariz. 104, 515 P.2d 849 (1973), and *State v. Rose,* 24 Ariz.App. 25, 535 P.2d 617 (1975). Appellant's position, simply stated, is that once a motion pursuant to Rule 11.2 is granted and experts are appointed pursuant to Rule 11.3, an absolute duty devolves upon the trial court to hold a hearing pursuant to Rule 11.5 and to make a determination as to competency.

We agree with appellant on the general principle. The *Williams* case, *supra,* involved a guilty plea, and our Supreme Court held in that case that the language of A.R.S. § 13–1621(E), the statutory predecessor of Rule 11.5, was "clear, unequivocal, and mandatory." We believe, however, that the unusual circumstances of the present case take it outside of the general rule.

■ We think it appropriate first to state what we do not hold. We cannot, under the *Williams* case, *supra,* find a waiver from the mere fact that appellant entered pleas of guilty.[1] Nor are we inclined to hold that the plea agreements in and of themselves operated as a withdrawal or abandonment of what is in essence a request for determination of competency, inasmuch as once a motion for examination pursuant to Rule 11.2 is granted, the matter is outside of the initiative of the parties or counsel. *State v. Williams, supra.* Nor do we hold that a redetermination of compe-

tency was absolutely barred under the doctrines of res judicata or collateral estoppel: a person may be competent at some times and not at others, and appellant retained a theoretical right, at least, to have his competency redetermined on June 17, even though the basis or starting point for such an inquiry would have been the same experts whose reports were used by Judge Riddel in determining competency on June 3. *State v. Messier,* 114 Ariz. 522, 562 P.2d 402 (filed March 17, 1977); *see also Rose v. United States,* 513 F.2d 1251 (8th Cir. 1975).

■ It is the duty of this Court to uphold the efficacy and integrity of judicial proceedings when there is a reasonable basis for doing so and where, upon a complete review of the entire record, it is clear that any omission was deliberate and did not result in the loss of any substantial right of the accused which could reasonably be said to have been intended to be preserved. This is part of the policy embodied in Ariz. Const. Art. 6, § 27, 1 A.R.S.

■ With that in mind we hold that where, as here, substantially contemporaneous Rule 11.2 motions are made in several cases and a court of coordinate jurisdiction makes a determination of competency pursuant to Rule 11.5 in a judicially noticeable[2] proceeding in the interim between the subject Rule 11.2 motion(s) and the subject trial or change of plea hearing, competency is established subject to a contrary showing, and it is incumbent upon a defendant who wishes to insist upon a redetermination to bring the matter to the court's attention. This was not done in the present case. To the contrary, the only reasonable interpretation of the proceedings here is that appellant, acting by and through his attorney who was in a unique position to assess any need for a redetermination as to competency, agreed to be bound by the prior determination. *State v. Messier, supra; United States v. Taylor,* 437 F.2d 371 (4th Cir. 1971).

1. *See also* footnote 4 in *State v. Ferguson,* 26 Ariz.App. 285, 547 P.2d 1085 (1976).

2. *Visco v. Universal Refuse Removal Company,* 11 Ariz.App. 73, 462 P.2d 90 (1970).

254

We are compelled to note that this is another case of wasted judicial manpower. *See State v. Rodriguez,* 112 Ariz. 193, 540 P.2d 665 (1975); *State v. Mendiola,* 23 Ariz. App. 251, 532 P.2d 193 (1975), *adopted,* 112 Ariz. 165, 540 P.2d 131 (1975). Where the trial court has *actually* failed to hold a necessary Rule 11.5 hearing, the matter should be promptly called to its attention as soon as possible by counsel. Taking an appeal merely delays the necessary determination.

The judgments and sentences of the trial court are affirmed.

HAIRE and DONOFRIO, JJ., concur.