NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

MAURICIO LOMBARDO, *Appellant*.

No. 1 CA-CR 14-0254
FILED 7-30-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-111384-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED IN PART, VACATED IN PART AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

---

**KESSLER**, Judge:

¶1 Mauricio Lombardo was tried and convicted of Count 1: Attempt to Commit Second Degree Murder, a class 2 dangerous felony; Counts 2 and 3: Aggravated Assault, class 3 dangerous felonies; Count 4: Kidnapping, a class 2 felony; Count 5: Assault, a class 1 misdemeanor; Count 6: Aggravated Assault, a class 4 felony; and Count 7: Burglary in the First Degree, a class 2 dangerous felony. All of the counts were also domestic violence offenses. Counsel for Lombardo filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Lombardo was given the opportunity to but did not file a supplemental brief. After reviewing the entire record, we affirm Lombardo's convictions and sentences except the sentence for Count 6, which is vacated and remanded for resentencing consistent with this decision.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Lombardo was involved in a long-term romantic relationship with G.N. The relationship ended in 2012, at which point Lombardo moved out of G.N.'s home. G.N. attempted to maintain a friendship with Lombardo, but Lombardo was not able to accept that they were just friends.

¶3 In 2013, during a heated conversation through text message, Lombardo sent a video of G.N. in the shower and threatened to put it on YouTube. When G.N. returned home from work, during which this heated conversation had taken place, she called her mother while she searched her home for signs of Lombardo. When she did not find any signs of a forced entry G.N. went to sleep.

¶4 G.N. awoke sometime later to find Lombardo standing over her with a glove and a knife. Lombardo then began stabbing G.N. A struggle ensued and G.N. at different times was both punched in the face

and strangled by Lombardo. During the attack G.N. scratched and bit Lombardo. After the two struggled for a while, Lombardo stopped attacking G.N. for unexplained reasons.

¶5 G.N. requested to go to the hospital but Lombardo refused and, instead, offered to bandage her himself. After Lombardo bandaged G.N.'s wounds, he started fixing a computer issue on G.N.'s computer and G.N. fell asleep. When G.N. awoke, Lombardo was still in her house and had taken her phone. Lombardo allowed G.N. to leave the house the next morning to go to work.

¶6 Although Lombardo testified G.N. allowed him into the house and that G.N. had been the initial aggressor, the jury found him guilty of all seven counts. The court then held a trial for the jury to determine whether aggravating factors existed as to each count. The jury found the State proved several aggravating factors. The court sentenced Lombardo to an aggravated term of 16 years imprisonment for attempted murder, concurrent with all other lesser sentences. The court awarded Lombardo 404 days of presentence incarceration credit.

¶7 Lombardo timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 13-4031 (2010) and -4033(A)(1) (2010).

## DISCUSSION

¶8 In an *Anders* appeal, because no issues were preserved below, this Court reviews the entire record for fundamental error. *State v. Flores*, 227 Ariz. 509, 512, ¶ 12, 260 P.3d 309, 312 (App. 2011). Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such weight that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

I. Sufficiency of the Evidence

¶9 On review, this Court views the facts in the light most favorable to sustaining the jury's verdicts and resolves all inferences against the defendant. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25, 555 P.2d 1117, 1118-19 (1976)).

A.      Attempted Second Degree Murder

¶10      A person commits second degree murder if, without premeditation, that person intentionally causes the death of another person. A.R.S. § 13-1104(A)(1) (2010). A person can be found guilty of attempted second degree murder when there is evidence that the person "[i]ntentionally does . . . anything which . . . is any step in a course of conduct planned to culminate in commission of" second degree murder. A.R.S. § 13-1001(A)(2) (2010). When such an offense is committed with a deadly weapon or dangerous instrument, it is appropriately categorized as a dangerous felony. *See* A.R.S. § 13-105(12), (13) (Supp. 2014). Further, as with all the counts in this case, the offense is a domestic violence offense when the victim and defendant currently are or previously were involved in a romantic or sexual relationship. A.R.S. § 13-3601(A)(6) (Supp. 2014).

¶11      G.N. testified that she awoke to find Lombardo, her ex-boyfriend, standing over her with a knife. She testified that he stabbed her repeatedly and placed his hands around her neck, restricting her breathing. To corroborate this testimony, the State presented pictures of G.N.'s injuries and stab wounds and the clothing worn by both Lombardo and G.N. during the attack. The State also offered the testimony of a forensic nurse who examined G.N. Such evidence is sufficient to prove Lombardo committed attempted second degree murder, a domestic violence offense.

B.      Aggravated Assault

¶12      A person commits aggravated assault when that person knowingly, intentionally or recklessly causes physical injury with a deadly weapon or dangerous instrument. A.R.S. §§ 13-1203(A)(1) (2010), -1204(A)(2) (Supp. 2014). A person may also commit aggravated assault when that person "intentionally or knowingly impedes the normal breathing or circulation of blood of another person by applying pressure to the throat or neck." A.R.S. § 13-1204(B).

¶13      To prove the charges of aggravated assault, the State presented testimony from G.N. G.N. testified that Lombardo stabbed her in the side (Count 2) and the buttocks (Count 3). She further testified that at one point during the struggle Lombardo placed his hands around her neck and impeded her ability to breathe (Count 6). The State introduced pictures taken by the crime scene specialists of the wounds to G.N.'s side, and buttocks and the blood-stained clothing worn by G.N. during the attack. The forensic nurse who examined G.N. testified about the types of wounds G.N. sustained, including bruising to her neck consistent with

strangulation. Therefore, there was sufficient evidence to prove each count of aggravated assault.

### C. Kidnapping

¶14 Kidnapping requires proof that the defendant knowingly restrained another person with the intent to inflict death or physical injury on the person. A.R.S. § 13-1304(A)(3) (2010). G.N. testified that Lombardo restrained her during the attack and would not allow her to go to the hospital after the attack. Further, Lombardo took G.N.'s phone from her while she was asleep, preventing G.N. from calling or texting anyone. As such, the State presented sufficient evidence to prove Lombardo kidnapped G.N.

### D. Assault

¶15 Assault requires proof that the defendant knowingly, intentionally or recklessly caused a physical injury to the victim. A.R.S. § 13-1203(A)(1). G.N. testified that Lombardo punched her in the face as she struggled to get away from him. The State also submitted pictures of G.N.'s black eye. Such evidence is sufficient to prove Lombardo committed assault.

### E. Burglary in the First Degree

¶16 To prove burglary in the first degree, the State must show that the defendant entered or remained unlawfully in a residential structure, intended to commit a theft or a felony once inside, and knowingly possessed a deadly weapon or a dangerous instrument in the course of committing that theft or felony. A.R.S. §§ 13-1507 (2010), -1508(A) (2010). G.N. testified that Lombardo was not invited into her home and that she did not know how he got in. She further testified that she was attacked by Lombardo, with a knife, while he was unlawfully in her home. Given G.N.'s testimony, there was sufficient evidence to prove Lombardo committed burglary in the first degree.

## II. Sentencing

¶17 The superior court found that counts 1, 2, 3, and 7 were dangerous offenses. The court instructed the jury during the aggravation phase as to the definition of dangerousness, but the verdict forms did not have a separate category for the jury to find dangerousness. Instead, the verdict forms listed and the jury found that these four offenses involved the infliction or threatened infliction of serious physical injury, or the use,

threatened use, or possession of a deadly weapon or dangerous instrument, a knife. A dangerous offense is one involving the use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another. A.R.S. § 13-105(12), (13), (15) and (39). A knife is a dangerous instrument or weapon. *State v. Williams*, 110 Ariz. 104, 105, 515 P.2d 849, 850 (1973). Thus, the court could conclude that each of the counts was inherently dangerous without a separate finding by the jury to that effect.

¶18 In sentencing Lombardo, the court did not state that Counts 4, 5, and 6 were dangerous. However, for Count 6, aggravated assault, the court sentenced Lombardo to four years of incarceration. Pursuant to A.R.S. § 13-702(D) (2010), a first time offender convicted of a class 4 non-dangerous felony can be sentenced to an aggravated term of 3.75 year's imprisonment. Because this sentence falls outside the statutory limits, we remand this matter for the trial court to modify the sentence for Count 6 to a term within the statutorily permitted range.[1]

## CONCLUSION

¶19 After careful review of the record, we find no meritorious grounds for reversal of Lombardo's convictions. The proceedings complied with the Arizona Rules of Criminal Procedure, Lombardo and his attorney were present at all critical stages of trial, and Lombardo was given an opportunity to speak at sentencing. Further, the evidence supports the verdicts. We therefore affirm Lombardo's convictions and sentences except

---

[1] We also note that the jury found a number of aggravators for Counts 2, 3 and 6, aggravated assault. Included in those aggravators were the use of a dangerous weapon or instrument and infliction or threatened infliction of serious physical injury. *See* A.R.S. § 13-701(D)(1)-(2) (Supp. 2014). A sentence for aggravated assault involving the use of a dangerous weapon or instrument, or the infliction or threatened infliction of serious physical injury, may not be aggravated by those same facts. *Id.* The trial court instructed the jury on aggravated assault for those counts based in part on use of a deadly weapon or instrument and infliction or threatened infliction of serious physical injury. However, the court did not err by aggravating the sentences for Counts 2, 3, and 6 because the jury found other aggravating circumstances for each count and we presume that the trial court, knowing the law, did not rely on the statutorily prohibited aggravators in aggravating those sentences. *See State v. Ramirez*, 178 Ariz. 116, 128, 871 P.2d 237, 249 (1994) (stating that we presume the trial judge knows the law).

for Count 6.  Because the sentencing for Count 6 fell outside the statutory limits, we remand for the court to resentence Lombardo as to Count 6, consistent with this decision.

**¶20**          Upon the filing of this decision, counsel shall inform Lombardo of the status of the appeal and his options.  Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Lombardo shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama