NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

LARRY JAMES RADY, JR., *Petitioner*.

No. 1 CA-CR 23-0458 PRPC
FILED 3-21-2024

---

Appeal from the Superior Court in Maricopa County
No. CR2018-144942-001
The Honorable John R. Hannah, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Dumond Law Firm PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Petitioner*

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

H O W E, Judge:

¶1          Larry James Rady seeks review of the trial court's order, which denied his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

¶2          In July 2018, Rady was shot in the leg. While at the hospital receiving treatment for his wound, Rady was interviewed by the police. Rady told police officers that he was shot by an unknown subject while smoking a cigarette on his back porch. Officers were dispatched to Rady's residence and, shortly after arrival, they encountered Rady's roommate. The roommate told the officers that Rady had shot himself. Later, Rady contradicted his initial statement and told police the shooting occurred when he was moving a safe and a gun fell out, hit the floor, and discharged. At the time of the shooting, Rady was on probation for a felony conviction and was prohibited from possessing firearms.

¶3          Based on these events, the police obtained an arrest warrant for Rady. Officers conducting surveillance in the area where Rady resided observed Rady get into a vehicle and shortly after stopped the vehicle to execute the warrant. A search of the vehicle revealed a knife inside the map pocket on the rear side of the passenger seat, which was within Rady's reach. The knife was a dagger type, with a blade length of approximately 3 inches and an overall length of 7.5 inches. A detective opined that the knife was designed for lethal use.

¶4          The state charged Rady with two counts of misconduct involving weapons occurring on different dates, both class 4 felonies, and unlawful discharge of a firearm, a class 6 felony. Rady entered a plea agreement, resolving one count of misconduct involving weapons concerning the knife, and the count of unlawful discharge of a firearm. Under the plea agreement, he would be sentenced to a ten-year prison term

for the count of misconduct involving weapons concerning the knife and the count of unlawful discharge of a firearm would be dismissed. The ten-year presumptive term sentence would run concurrently with any sentencing resulting from the trial on the remaining count of misconduct involving weapons.

**¶5**        The jury found Rady guilty as charged and the trial court sentenced him to a presumptive ten-year prison term, which was to run concurrent with the ten-year prison term resulting from the plea agreement. Rady timely appealed, and this court affirmed his convictions and sentences. *State v. Rady*, 1 CA-CR 20-0118, 2021 WL 244357 (App. Jan. 26, 2021) (mem. decision).

**¶6**        Rady then petitioned for PCR. In his petition, he claimed that he received ineffective assistance of counsel ("IAC") because his trial counsel did not research the knife's design to discover that it was not designed for lethal use and thus was not a "deadly weapon" as defined in A.R.S. § 13–3101(A)(1). Instead, relying on the online retailers' description of the knife, he argued that the knife was designed for utility purposes. To support his claim, he provided an affidavit from his roommate that explained her use of the knife as a tool. The affidavit said nothing about Rady's counsel's failure to research the knife's design. He also claimed actual innocence because no jury would have convicted him if it knew that the knife was designed for utility purposes.

**¶7**        The trial court found that Rady's actual innocence claim failed as a matter of law because this court had held in *State v. Clevidence* that a similar knife to the one here clearly qualified as a deadly weapon. 153 Ariz. 295, 301 (App. 1987). It also found that Rady's IAC claim failed because the petition offered no proof that his counsel had failed to investigate the knife's design. It therefore summarily dismissed his PCR petition. This petition for review followed. This court has jurisdiction under A.R.S. § 13–4239(C) and Rule 33.16(a)(1).

## DISCUSSION

**¶8**        This court reviews a trial court's ruling on a PCR petition for an abuse of discretion. *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021). This court will affirm a trial court's ruling if "it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7 (2015) (citing *State v. Perez*, 141 Ariz. 459, 464 (1984)).

## I.    Ineffective Assistance of Counsel

**¶9**      Rady argues that the trial court erred in finding that he did not present a colorable claim of ineffective assistance of counsel. "If a defendant presents a colorable claim, he is entitled to a hearing to determine whether counsel rendered effective assistance." *Bigger*, 251 Ariz. at 407 ¶ 9 (citations omitted). To determine whether a defendant is entitled to an evidentiary hearing, we ask "whether he has alleged facts which, if true, would *probably* have changed the verdict or sentence." *Id.* (citing *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016)).

**¶10**      To prove an IAC claim, a defendant must show that "counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Id.* at 407 ¶ 8 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Denz*, 232 Ariz. 441, 443 ¶ 6 (App. 2013)). When a defendant claims counsel was ineffective by failing to investigate evidence, the defendant must show that counsel's advice to plead guilty without having first pursued those actions "rendered that advice outside the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 268 (1973) (internal quotation marks and citation omitted). And "[t]o establish prejudice in the context of a plea agreement, a defendant must show a reasonable probability that except for his lawyer's error he would not have waived his right to trial and entered a plea." *State v. Ysea*, 191 Ariz. 372, 377 ¶ 17 (1998), *superseded on other grounds by statute as recognized by State v. Martinez*, 196 Ariz. 451, 462 ¶ 44 (2000).

**¶11**      Here, Rady has not carried his burden of showing that the trial court abused its discretion in finding that the record did not support his IAC allegations to require an evidentiary hearing. As the court explained in its dismissal order, he offered no proof that his counsel failed to investigate the design of the knife to establish a defense. Rady has shown no error.

## II.    Actual Innocence

**¶12**      Rady also argues that the trial court erred in finding that he did not present a colorable claim of actual innocence. A defendant is entitled to relief under Rule 33.1(h) if he can show "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Rady did not do so. The knife here, despite also being advertised as a utility tool, meets the definition of a deadly

weapon under A.R.S. § 13–3101(A)(1). *See State v. Williams*, 110 Ariz. 104, 105 (1973) ("A knife is a deadly weapon."); *see also Clevidence*, 153 Ariz. at 300–01 (holding that a knife six inches long was a "deadly weapon" under A.R.S. § 13–3101). The trial court did not err.

## CONCLUSION

¶13      We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA